RULEY, JUDGE:
The claimant, a widow, is the owner and proprietor of a retail grocery store and lunchroom business operated in conjunction with a gasoline station in the village of Riverton, Pendleton County, West Virginia. In June, 1978, she applied to the respondent for a retail liquor license. Thereafter, agents of the respondent led the claimant to believe that the application would be granted: by suggesting extensive remodeling of the premises which would be required; by informing her orally that the application had been accepted and to proceed with her plans incident to remodeling; by informing her that the respondent would supply required shelving; and, according to the admission of the respondent’s assistant commissioner, by informing her that the application would be approved. Approximately two months after the application was made, it was denied. In the interim, and acting in reliance upon the representations delineated above, the claimant incurred substantial expense in order to comply with the requirements designated by the respondent’s agents.
Although the claimant never did receive a license or contract in the form required by law, as was stated in Cook v. Dept. of Finance and Administration, 11 Ct. Cl. 28, at 30 (1975), “.. .it should be remembered that claimant is not a lawyer and could not be expected to be aware fully of the legal requirements necessary to make a perfectly formal contract with the State”. Following that precedent, it appears that an award to the claimant should be made.
Turning to the issue of damages, it appears to the Court that the claimant is entitled to recover costs of repair, reimbursement for expenses directly occasioned by the respondent’s conduct, and compensation for loss of use or rental value of the premises for the *63 two-month period. Applying those criteria to the facts of this case, it appears that the claimant is entitled to recover the sum of $5,833.49 (materials, $2,098.59; labor, $2,320.00; equipment, $1,014.90; loss of use, $400.00). The Court is aware of no authority and none was cited by counsel supporting the claim for counsel fees.
Award of $5,833.49.